# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNIOXVILLE
### March 5, 2012 Session

## JOHN LESLIE BYRNES v. JOYCE MARIE BYRNES

**Appeal from the Circuit Court for Knox County**
**No. 64110      Bill Swann, Judge**

---

**No. E2011-00025-COA-R3-CV-FILED-MAY 14, 2012**

---

The parties, John Leslie Byrnes ("Husband") and Joyce Marie Byrnes ("Wife"),  were divorced in 1998.  Under the divorce judgment, they were to have equal parenting time with their two minor children.  Some six years later, in 2004, Husband filed a petition to change the custody arrangement.  The petition was granted ex parte on an "emergency" basis.  The ex parte order temporarily placed sole custody of the children with Husband and required Mother to pay monthly child support of $652.  For reasons that Wife blames on Husband and the trial court, and Husband blames on Wife, a hearing was not held on the custody and support issues until 2009, more than five years after Husband was named the sole custodian.  Eventually, the court entered an order, to which Wife agreed, decreeing that Wife was liable to Husband for a child support arrearage of $20,874.24, a figure that includes interest and Wife's share of medical expenses.  In the same order, the court decreed that Husband was entitled to an award of attorney's fees in an amount to be determined at a future hearing.  That hearing was later scheduled for a date certain.  Wife's counsel did not appear at the hearing on attorney's fees and the court proceeded, in counsel's absence, to hold Wife liable for fees of $30,315.  Wife filed a motion to set aside the award of attorney's fees which the court denied.  She appeals, challenging the child support arrearage and the denial of her motion to set aside the award of attorney's fees.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Lori F. Fleishman and Thomas M. Leveille, Knoxville, Tennessee, for the appellant, Joyce Marie Byrnes.

Lauren G. Stange-Boston, Knoxville, Tennessee, for the appellee, John Leslie Byrnes.

# OPINION

## I.

In 1998, Husband was granted a divorce from Wife on stipulated grounds. The parties were awarded joint custody of their children, with each parent to have equal parenting time. The court ordered Husband to pay Wife monthly child support of $475. The divorce judgment divided the parties' property and their debts and awarded each "their own savings and individual retirement accounts in their name." Husband's monthly support obligation was later increased to $835 beginning March 1, 2000.

On April 15, 2004, Husband filed a petition to change custody and motion for emergency relief based on sworn allegations of alcohol abuse by Wife that allegedly resulted in abuse and neglect of the children. The court entered a temporary restraining order prohibiting Mother from "coming about . . . the . . . minor children." The court also entered a temporary parenting plan requiring Wife to pay monthly child support of $652 based upon an income of $30,000 per year. At some point, the parties agreed to an order allowing Wife limited parenting time with the children.

Instead of paying the amount ordered, Wife began paying $50 per month. On or about August 12, 2005, Wife filed a "Complaint for Declaratory Judgment" in this same action under the same docket number. She claimed that the original judgment "failed to provide for any pension benefits that may have accrued during the marriage" and she alleged that Husband "is entitled to a military pension." Wife claimed she "was under the impression that a portion of the pension payments would automatically be paid to her." On December 13, 2005, the trial court dismissed Wife's complaint for declaratory judgment for failure to state a claim. The court directed the entry of a final order on that claim upon the court's finding that there was "no just reason for delay." The order itself does not further elaborate on the court's reasons for granting Husband's motion to dismiss, but the transcript of the hearing reveals that the court held the clear and unambiguous language of the divorce judgment "does not cover the military pension" and that the omission was due to Wife's "mistake of law." The court further concluded that Wife's remedy for the alleged omission, if any, would have been to timely file a Tenn. R. Civ. P. 60.02 motion for relief from the judgment. Since no such motion was filed, the court held that "the res judicata effect [of the divorce judgment] is inescapable and [W]ife is barred from the relief that she seeks." On January 9, 2006, Wife filed a "motion to reconsider" the dismissal.

The case appears to have laid essentially dormant for another three years. Then Husband, on January 23, 2009, filed a motion seeking a determination of Wife's child support arrearage. On October 7, 2009, the court entered an order ("the October 2009

order") nunc pro tunc to the hearing date of September 16, 2009. The order states, in pertinent part, as follows:

> *The parties agree* and the Court finds that [Wife] has accrued a child support arrearage in the principle amount of $12,057, which consists of $5,868 from the period beginning in April 2004 through December 2004, during which Wife's child support obligation was $652 per month as ordered in the Temporary Parenting Plan entered on April 15, 2004; $2,325 from the period . . . January 2005 through May 2005, during which Wife's child support obligation was $465 per month . . . ; $2,408 from the period . . . June 2005 through December 2005, during which Wife's child support obligation was $344 per month . . . ; $4,668 from the period . . . January 2006 through December 2006, during which Wife's child support obligation was $389 per month . . . ; and $2,070 from the period . . . January 2007 through May 2007, during which Wife's child support obligation was $414 per month . . . , which figures comply with the Child Support Guidelines.
>
> Interest at the rate of 12% per annum is due on the unpaid portion of each child support payment from the time that payment was due until it is paid. *The parties agree* the amount of interest accrued through October 7, 2009, totals $6,435.17.
>
> To the extent she has not already done so, [Wife] is obligated to reimburse [Husband] for 50% of the medical . . . expenses not paid by insurance . . . . *The parties agree* Wife's 50% of that sum totals $2,382.07.
>
> [Husband] is entitled to an award of attorney fees, [the amount to be determined in a hearing scheduled for October 7, 2009, at 9:00 a.m.]

(Paragraph numbering in original omitted; emphasis added.)

The "attorney's fees" hearing was postponed to December 2, 2009. That hearing was held as scheduled. It was followed by an order entered December 10, 2009 ("the December 2009 order"). The court awarded Husband attorney's fees in the amount of $30,315 "incurred in conjunction with the April 2004 change in custody of the parties' two children

and his attempts to collect child support since that date." The order recites that Wife's attorney was not present at the hearing but that Wife was and that she did not object to the amount of fees as claimed in the affidavit of Husband's counsel. The affidavit had been served on Wife on October 7, 2009.

On January 13, 2010, Wife filed a motion to set aside the December 2009 order. The motion does not state whether it was made pursuant to Tenn. R. Civ. P. 54.02, 59, or 60.02. As grounds for the motion, Wife asserts that her counsel had advised both the court and Husband's counsel of her obligation to be in a Loudon County court on another matter on the morning of the hearing in the trial court. Wife's counsel expected to be able to attend both matters but could not make it back to Knox County in time for the hearing on fees. As further grounds, Wife asserted that the award was "unjust and inappropriate" and included time "not expended on this particular matter."

In an order entered December 8, 2010 ("the December 2010 order"), the court denied the motion to set aside the December 2009 order. Among other things, the court determined that the motion was not timely under Tenn. R. Civ. P. 59 and did not qualify for relief pursuant to Tenn. R. Civ. P. 60. The court stated in the December 2010 order that "[t]his matter is over and final pursuant to rule 54 of the Tennessee Rules of Civil Procedure." A transcript of the hearing on the motion to set aside shows that Wife argued, among other things, that the fees awarded included time spent defending the declaratory judgment action. She also pointed out that, because of her pending motion for reconsideration, the dismissal of her complaint for declaratory judgment had not yet become final. In announcing it decision against Wife, the court stated from the bench, "[t]his case is over." Wife filed a timely notice of appeal.

To recap – in order to assist the reader – the following relevant chronology is presented:

| | |
|---|---|
| Complaint for declaratory judgment filed. | August 2005 |
| Court dismisses complaint; directs entry of final order, finding "no just reason for delay." Order entered | December 13, 2005 |
| Wife files "motion to reconsider." | January 9, 2006 |
| Husband files "motion" for child support arrearage and attorney's fees. | January 23, 2009 |

| | |
|---|---|
| "Agreed order entered setting Wife's child support arrearage at $20,874.24. This is *the October 2009 order*. | October 7, 2009 |
| Order entered awarding Husband attorney's fees of $30,315. This is the *the December 2009 order*. | December 10, 2009 |
| Wife files "motion to set aside" the December 2009 order. | January 13, 2010 |
| Wife's motion is denied in *the December 2010 order*. | December 8, 2010 |

## II.

Wife articulates the following issues:

> Whether the Trial Court was in error in failing to set [Wife's] child support obligation in compliance with the income shares guidelines (effective January 18, 2005), for the period of April 15, 2004 through December 2004.

> Whether the Trial Court was in error in awarding a judgment of all attorney fees incurred by [Husband] whereby a substantial portion of the fees dealt with a matter which remains pending before the [Trial] Court and is unrelated to [Husband's] custody modification and his attempts to collect child support.

> Whether the Trial Court is in error in awarding a judgment of all attorney fees incurred by [Husband] based upon the parties' respective incomes and financial needs and abilities to meet those needs.

> Whether the Trial Court abused its discretion in awarding $30,315 for attorney fees and expenses in favor of [Husband] and against [Wife], as a reasonable attorney fee under the overall circumstances of this case.

Husband raises his own issue – whether he should be awarded his attorney's fees and expenses incurred in defending what he characterizes as a frivolous appeal.

III.

Wife argues that the trial court erred in calculating the child support arrearage for the period April 15, 2004 through December 2004. She asserts the court based its calculation on the wrong version of the Child Support Guidelines ("Guidelines"). Wife now argues that the trial court should have used "those [Guidelines] in effect at the time of the hearing, which occurred in 2009." Wife's brief does not verbalize or otherwise demonstrate *whether or how* the alleged error affected the calculation. Further, we note that her argument appears to be inconsistent with the language of her statement of the issues with regard to which version of the Guidelines controls. Nevertheless, we need not tarry long over these details because Wife waived the issue she is now pursuing when, in the trial court, she agreed to the amount of the arrearage and by her further agreement *that the amount was calculated in accordance with the Guidelines*. We are not required to grant relief "to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36 (a); *see also* Advisory Commission Comment to Rule 36 ("The last sentence of this rule is a statement of the accepted principle that a party is not entitled to relief if the party invited error, waived an error, or failed to take whatever steps were reasonably available to cure an error"). To the same effect is the holding of **Levine v. March**, 266 S.W.3d 426, 440 (Tenn. Ct. App. 2007) (parties cannot obtain relief based on an alleged error they could have prevented).

As we noted in our recitation of the facts, the order setting the child support arrearage was approved by counsel for both parties. The order specifically states that "[t]he parties *agree* . . .[Wife] has accrued a child support arrearage . . . of $5,868 from the period beginning in April 2004 through December 2004 . . . , *which figures comply with the Child Support Guidelines.*" (Emphasis added.) The order further recites that both parties agreed to "the amount of interest accrued" and to Wife's share of the unpaid medical expenses. Wife makes no argument on appeal that the order mistakenly recites an agreement that did not exist. Our review of the record has revealed nothing to refute the court's recitation of an "agreement." On the contrary, counsel's approval of the order for entry is further proof that the order correctly states the position of the parties on the issue of child support. Accordingly, we hold that no relief is available to Wife because she expressly agreed in the trial court to the child support award that she now seeks to challenge.

IV.

A.

Wife also challenges the award of attorney's fees to Husband. She argues that a substantial portion of the fees awarded pertains to the defense of the declaratory judgment action and she further contends (a) that her motion to reconsider the declaratory judgment action remains unresolved and (b) that the defense of the declaratory judgment action was unrelated to the custody and child support issues. Wife also argues that her finances are so poor compared to Husband's that the court erred in awarding attorney's fees to him. In her brief, Wife largely ignores the fact that her challenge to the award of attorney's fees does not come into play unless and until her motion to set aside is granted. Husband argues that the trial court correctly denied that motion as an untimely Tenn. R. Civ. P. 59 motion and a non-meritorious Tenn. R. Civ. P. 60.02 motion. Wife asserts in her reply brief that the motion was actually neither a Rule 59 motion nor a Rule 60 motion because her motion for reconsideration of the order dismissing the declaratory judgment had not been decided. She argues that her motion fell within the parameters of Rule 54.02 because the order she was seeking to set aside was not final and was, according to the language in Rule 54.02, "subject to revision at any time."

B.

It is apparent to us that before we can sensibly address the merits of the motion to set aside the December 2009 order, we must decide where the motion, and the orders being discussed, fit within the scheme of our Rules of Civil Procedure. The Supreme Court recently had occasion in **Discover Bank v. Morgan**, ___ S.W.3d ____, No. E2009-01337-SC-R11-CV, 2012 WL 1005074 (Tenn., Mar. 27, 2012), to articulate the distinctions between motions made pursuant to Rule 54, 59, and 60. In pertinent part, the Court stated:

> Pursuant to Tennessee Rule of Civil Procedure 54, "any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties." Tenn. R. Civ. P. 54.02; *see also* Tenn. R. App. P. 3(a) ("[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.").

-7-

Thus, motions seeking relief from a trial court's decision adjudicating fewer than all the claims, rights, and liabilities of all the parties, should be filed pursuant to Rule 54.02.

Tennessee Rule of Civil Procedure 59 expressly authorizes four categories of motions: "(1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; or (4) under Rule 59.04 to alter or amend the judgment." Tenn. R. Civ. P. 59.01. Furthermore, the specified motions are the only means "for extending the time for taking steps in the regular appellate process." *Id.*; *see also* Tenn. R. App. P. 4(b).

Rule 59.02 provides that "[a] motion for new trial and all other motions permitted under this rule shall be filed and served within 30 days after judgment has been entered in accordance with Rule 58." Tenn. R. Civ. P. 59.02. Rule 58 states in relevant part: "Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry . . . ." Tenn. R. Civ. P. 58. Reading Rule 59.02 in conjunction with Rule 58, it is clear that Rule 59 motions relate to final judgments—judgments adjudicating all the claims, rights, and liabilities of all the parties. *See Harris v. Chern*, 33 S.W.3d 741, 743-44 (Tenn. 2000) ("Rule 59.04 addresses final judgments and requires a motion to alter or amend to be made within 30 days of the entry of judgment."). "The purpose of Tenn. R. Civ. P. 59 motions is to prevent unnecessary appeals by providing the trial courts with an opportunity to correct errors *before a judgment becomes final*." *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. Ct. App. 1998) (emphasis added), *overruled on other grounds by Harris*, 33 S.W.3d at 744. Thus, for thirty days after entry of a final judgment, motions for relief should be premised upon Rule 59.

In the event that a party waits to seek relief for more than thirty days after entry of a final judgment, the trial court cannot grant relief under Rule 59. *See* Tenn. R. Civ. P. 59.02. After this

time, relief must be sought pursuant to Tennessee Rule of Civil Procedure 60.02. *See*, *e.g.*, **Campbell v. Archer**, 555 S.W.2d 110, 112 (Tenn. 1977) ("The function of [Rule 60.02] is to give relief from *final* judgments; Rule 59, providing for motion for new trial, is the appropriate remedy for asserting alleged errors affecting a judgment which has not yet *become final*." (emphasis added)). Rule 60.02 states in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a *final* judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion.

Tenn. R. Civ. P. 60.02 (emphasis added).

Applying the foregoing principles to the facts of this case, we conclude that the motion seeking relief from the trial court's May 22, 2007 order of default judgment should have been premised on Rule 54.02. The order of default judgment did not adjudicate all of the claims, rights, and liabilities of all the

parties.  Rather, liability on Discover's complaint and damages on Morgan's counter-complaint remained unresolved.  Because the trial court did not adjudicate all the claims between all the parties, or certify the order of default judgment as final pursuant to Rule 54.02, neither Rule 59 nor Rule 60.02 applied.

*Id.* at *5 -7 (footnotes and headings omitted; bracketing and emphasis in ***Discover***).

Wife, in her role as *appellant* in this case, strangely enough argues that the order from which she appeals, *i.e.,* the December 2010 order, is not a final order.  If she is correct, the result would be that we would lack subject matter jurisdiction over this appeal and Wife would find herself in the troublesome position of having appealed a non-final order as if it were a final order.  *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990); ***In re Estate of Boykin***, 295 S.W.3d 632, 635 (Tenn. Ct. App. 2008).  However, we disagree with Wife about the finality of the December 2010 order, but, under the teachings of ***Discover Bank***, we find ourselves in agreement with Wife with respect to the finality of the order dismissing the declaratory judgment and, in turn, the October 2009 and December 2009 orders.  A brief explanation is in order.

In dismissing the declaratory judgment aspect of the case, the trial court *attempted* to make its order final.  It expressly directed entry of a final judgment and recited a finding that there was no just reason to delay entry of a final judgment.  That was enough to make the order of dismissal final and appealable as of right pursuant to Tenn. R. Civ. P. 54.02.  *See **Cooper v. Powers***, No. E2011-01065-COA-R9-CV, 2011 WL 5925062 at *5-6 (Tenn. Ct. App. E.S., filed Nov. 29, 2011).  However, Wife' motion to reconsider[1] filed within 30 days of the entry of the otherwise final order, arrested the finality of the order.  *See **Discover Bank*** at *5-6 (describing the role of Rule 59 motions to extend the time for the appellate process).  Wife's motion to reconsider remained pending and *not addressed* even after the entry of the October 2009 order as well as the December 2009 order.  It necessarily follows that when this matter came before the court on Wife's motion to set aside the December 2009 order, *there was no final judgment in the case*.  Therefore, the court erred in evaluating the motion to set aside as a motion made pursuant to Tenn. R. Civ. P. 59.  It was not; we again stress that Rule 59 does not come into play until a trial court has entered a final judgment.

---

[1]We construe Wife's "motion to reconsider" as a motion to alter or amend.  ***McCracken v. Brentwood United Methodist Church***,  958 S.W.2d 792, 794 n.3 (Tenn. Ct. App. 1997).

Before moving to the next point in our analysis, we note that we are not unsympathetic to the trial court. Wife's counsel did not specify in her motion to set aside whether it was being made pursuant to Rule 54, 59, or 60.

We cannot agree with Wife's assertion that her motion for reconsideration of the order dismissing the declaratory judgment claim prevented the December 2010 order, from which she appeals, from becoming final. Wife argued at the hearing on the motion to set aside the December 2009 order that the dismissal of the declaratory judgment had never become final because of her pending motion for reconsideration. At the conclusion of the hearing, the court stated, "This case is over." In the body of the December 2010 order, the court stated, "This matter is over and final pursuant to [R]ule 54 of the Tennessee Rules of Civil Procedure."

As Wife correctly points out, the December 2010 order does not contain either the "express determination that there is no just reason for delay" or the "certification by the trial judge . . . that the court has directed the entry of a final judgment as to one or more but fewer than all of the claims . . . ." *Cooper*, 2011 WL 5925062 at \*5. However, this argument misses the point. In our judgment, the December 2010 order is *not* entered pursuant to Tenn. R. Civ. P. 54.02.[2] Rather, it is a *final order*.

The interpretation of a court's order is a question of law, which this court can determine de novo. *Lamar Advertising Co. v. By-Pass Partners*, 313 S.W.3d 779, 785 (Tenn. Ct. App. 2009). In making that determination, we ascertain the intent of the court, and, if possible, make the order in harmony with the entire record in the case and to be such as "ought to have been rendered." *Id*. at 786.

It is apparent to us that the court intended that its order would bring this case to an end despite any pending motions. It is also apparent to us that the court was confident in its dismissal of the declaratory judgment claim and that it had no intention of changing its ruling as argued for by Wife in her motion for reconsideration. We are mindful, also, that the trial court had the record available to it and the record shows that Wife had allowed her motion to reconsider the dismissal of the declaratory judgment action to remain pending for almost five years without obtaining a hearing. We believe, and so hold, that the December 2010 order – with its finality language – denied Wife's motion for reconsideration of the dismissal of the declaratory judgment claim *sub silentio*. Accordingly, so construed, the December

___

[2]The trial court's reference in the December 2010 order to Rule 54 is curious. The court does not mention what part of Rule 54 the court is referencing. We do not believe the court was referring to Rule 54.02 because this would be totally at odds with the court's statement in the December 2010 order that "[t]his matter is over and final."

2010 order is a final order from which an appeal as of right lies. After that order was entered, there were no matters pending before the trial court. This is the clear import of the trial court's statements, *i.e.*, "this case is over" and "[t]his matter is over and final."

C.

Before proceeding through the final step of our analysis, we look again to ***Discover Bank*** for the standard by which we review the trial court's denial of the motion to set aside the December 2010 order. In ***Discover Bank***, the court held that regardless of whether the motion to set aside is being made pursuant to Rule 54.02, Rule 59, or Rule 60, the standard of review is the same. 2012 WL 1005074 at *4. A trial court has a wide range of discretion in all such rulings, therefore appellate courts review the trial court's order denying a motion to set aside under the abuse of discretion standard:

> Abuse of discretion is found only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party. The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. Instead, under the abuse of discretion standard, a trial court's ruling will be upheld so long as reasonable minds can disagree as to the propriety of the decision made.

*Id*. at *5 (citations and internal editing omitted).

D.

The ***Discover Bank*** opinion provides further guidance in that it articulates the standard for evaluating a motion to set aside, whether it be made pursuant to Rule 54.02, 59, or 60:

> Today we clarify that when a party seeks relief from a default judgment due to "excusable neglect," whether pursuant to Rule 54.02 (for interlocutory judgments), Rule 59.04 (for final judgments within thirty days of entry), or Rule 60.02 (for final judgments more than thirty days after entry), a reviewing court must first determine whether the conduct precipitating the default was willful. If the court finds that the defaulting party

-12-

has acted willfully, the judgment cannot be set aside on "excusable neglect" grounds, and the court need not consider the other factors. If the conduct was not willful, however, then the court must consider whether the defaulting party has a meritorious defense and whether the non-defaulting party would be prejudiced by the granting of relief. The court may also consider any other factor that it deems relevant.

We recognize that the interest in finality is heightened once a final judgment has been entered. While the same factors must guide the inquiry, relief from a partial default judgment may be granted more liberally under Rule 54.02 than relief from final default judgments under Rule 59.04 or Rule 60.02. *Cf. **Dayton Elec. Mfg. Co.**,* 140 F.3d at 783 (holding that the same factors apply when relief is sought from a final judgment, Fed.R.Civ.P. 60(b), as from a mere entry of default, Fed.R.Civ.P. 55(c), but that relief should be granted more liberally where no final judgment has been entered).

Having determined that the same test for relief applies under Rule 54.02 and Rule 60.02, it follows that the trial court did not abuse its discretion by applying an incorrect legal standard.

*Id*. at *10 (headings and footnotes omitted). We realize that ***Discover Bank*** involves a motion for default and this case involves a motion filed after the issues have been joined; but we believe that ***Discover Bank*** is still applicable because the present case involves a failure to appear and contest the motion at issue.

Having determined that the three-part test articulated in ***Discover Bank*** is applicable, we will not prolong our analysis. When an attorney knows a matter is pending, and yet chooses to attend to other matters, that is not the type of conduct that has been found to be "excusable" in the context of a motion to set aside. ***Barber & McMurry, Inc. v. Top-Flite Development Corp.***, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986). Even if we give Wife the benefit of the doubt on the willfulness inquiry, Wife has not shown a meritorious defense to the fees claimed. Her defense rests solely on the idea that some of the fees were incurred in defending the declaratory judgment claim. Yet, Wife has cited no authority for the proposition that the fees Husband incurred in fending off her declaratory judgment claim are not allowable. Furthermore, Wife took the position in the trial court that the child support was intertwined with her attempt to revise the original judgment because the result could be to shift income from one parent to another and thereby directly affect the child support

-13-

determination. Husband, on the other hand, asserts that the granting of relief to Wife would prejudice him by prolonging the inevitable and forcing him to incur additional fees and expenses. Even if we treat the prejudice to Husband as minimal, we believe that a reasonable judicial mind could easily reach the same conclusion reached by the trial court in this case. Accordingly, we hold that the trial court did not abuse its discretion in denying Wife's motion to set aside the award of attorney's fees.

V.

We decline Husband's invitation to further burden Wife with an additional award of fees, this time pursuant to Tenn. Code Ann. § 27-1-122 (2000). The statute states:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is so "devoid of merit . . . that it had no reasonable chance of succeeding." *Clark v. Nashville Mach. Elevator Co.*, 129 S.W.3d 42, 50 n. 4 (Tenn. 2004). The Supreme Court has recently stated, with regard to the statute, that "imposing a penalty for a frivolous appeal is a remedy which is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable—which is rare." *Henderson v. SAIA, Inc.,* 318 S.W.3d 328, 342 (Tenn. 2010). We believe it is sufficient to state that this is not one of those "rare" cases. This is especially true given the confusion of all the parties and the court regarding the finality of the December 2009 order.

VI.

Before concluding, we will briefly revisit the issue of what type of motion relates to what kind of action by the trial court. The bench and bar would be well advised to remember the following capsule of the pertinent law as found in the language of the Supreme Court addressing a different but related concept in the *Discover* case:

> Today we clarify that when a party seeks relief from a default judgment due to "excusable neglect," whether pursuant to Rule 54.02 (for interlocutory judgments), Rule 59.04 (for final judgment within thirty days of entry), or Rule 60.02 (for final judgments more than thirty days after entry), . . .

-14-

2012 WL 1005074 at *10. Thus, if "any order or other form of decision, however designated, . . . adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and if the trial court has *not* properly "direct[ed] the entry of a final judgment" with respect to that determination, a party can move, pursuant to Tenn. R. Civ. P. 54.02, to "revis[e]" it "at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties." If, on the other hand, the trial court has entered a final judgment as to all parties and all claims, and an aggrieved party wants to challenge it, the party can contest it within 30 days of its entry by filing a motion pursuant to Tenn. R. Civ. P. 59.04. Finally, if a final judgment has been entered for more than thirty days, it can only be challenged by way of a Rule 60.02 motion. In summary form, this says it all.

### VII.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant, Joyce Marie Byrnes. This case is remanded, pursuant to applicable law, for enforcement of the judgment including collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., JUDGE