FILED

06/24/2021

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 8, 2021 Session

## SAMUEL CHANDLER, ET AL. v. CYNTHIA PERKINS FRAZIER A/K/A CYNTHIA EDWARDS

**Appeal from the Chancery Court for Shelby County**
**No. CH-15-1091    Walter L. Evans, Judge**

_____

**No. W2020-01129-COA-R3-CV**

_____

This case involves a *pro se* complaint to quiet title filed by several plaintiffs challenging a deed that was executed over twenty years ago. This is the second appeal in this matter. After the plaintiffs' claims were dismissed in 2016, only one plaintiff/appellant appealed to this Court. The remaining plaintiffs did not participate in the first appeal. The matter was remanded for findings of fact and conclusions of law, and the appellant died at some point. After a second order of dismissal was entered containing the requisite findings, the instant appeal was filed by counsel purportedly on behalf of the original plaintiffs. We conclude that the appeal must be dismissed because the plaintiffs who did not participate in the first appeal are bound by the first order of dismissal, which became final as to them when they did not appeal. Also, the sole appellant from the first appeal has died, and the attorney who filed the notice of appeal has admittedly never communicated with the appellant or anyone acting on behalf of his estate. As such, this appeal is hereby dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KRISTI M. DAVIS, J., joined.

Leonard Earl Lucas, III, Nashville, Tennessee, for the appellants, Samuel Chandler, Chester Chandler, and Ruth Chandler Sanders.

No brief filed on behalf of the appellee, Cynthia Perkins Frazier.

### MEMORANDUM OPINION[1]

_____
[1]  Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

# I. FACTS & PROCEDURAL HISTORY

This case began in 2015 with the filing of a *pro se* "Complaint to Quiet Title/Restoration of Deed, Fraudulent Conveyance." The complaint listed the plaintiffs as Samuel Chandler, Chester Chandler, Ruth Chandler Sanders, "And Unknown Heirs." The complaint alleged that a decedent, John Chandler, had fourteen children who would have inherited his home at his death if the defendant had not obtained a deed to the home by "fraud and coercion." The *pro se* complaint was signed by Samuel Chandler, Chester Chandler, and Ruth Chandler Sanders.[2] The defendant filed an answer and a motion to dismiss based on the statute of limitations.

On April 4, 2016, the chancery court entered an order denying and dismissing the complaint. The order simply stated, in its entirety:

> THIS CAUSE CAME TO BE HEARD before this Honorable Court, on this, the 28th day of January, 2016, upon statement of counsel for the Plaintiffs, all the witnesses herein, and all proof presented by both parties [to] the court, the Court finds that the complaint should be denied and cost[s] be assessed to the Plaintiff.
>
> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED

---

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Initially, we note that the three *pro se* plaintiffs were not authorized to proceed on behalf of "Unknown Heirs." As the Tennessee Supreme Court has succinctly explained:

> [A] person who is not an attorney "may conduct and manage *the person's own case* in any court of this state" without violating the prohibition against the unauthorized practice of law. Tenn. Code Ann. § 23-1-109 (2009) (emphasis added). Importantly, this right of self-representation extends only to the individual's right to conduct and manage his or her *own* case; a non-attorney may not conduct litigation on behalf of an entity or another individual, because doing so would constitute the unauthorized practice of law. *Vandergriff* [*v. ParkRidge E. Hosp.*, 482 S.W.3d 545, 552 (Tenn. Ct. App. 2015)] (quoting Tenn. Code Ann. § 23-1-109). For example, the parents of a minor child may not file a *pro se* complaint on behalf of their child, asserting the child's personal injury claims. *Id.* at 553 (explaining that, "[w]hile Rule 17.03 allows a parent to 'sue' on behalf of a minor child, the rule does not authorize a parent to practice law while acting on behalf of the child").

*Beard v. Branson*, 528 S.W.3d 487, 495 (Tenn. 2017); *see also Pelts v. Int'l Med. Servs. Corp.*, No. W2002-00388-COA-R3-CV, 2003 WL 22071462, at *7 (Tenn. Ct. App. Aug. 28, 2003) (noting that a pro se party purported to represent a corporation and another individual as well as himself, but stating that he was prohibited from doing so as a non-attorney).

that the Complaint is denied. Costs in this matter are assessed against the Plaintiff.

A notice of appeal was filed by Samuel Chandler.

On December 7, 2016, this Court issued its decision on appeal. *See Chandler v. Frazier*, No. W2016-00960-COA-R3-CV, 2016 WL 7155053 (Tenn. Ct. App. Dec. 7, 2016). At the outset, we noted that Samuel Chandler was the only appellant and that he had proceeded *pro se* on appeal. *Id.* at *1. We observed, "The additional parties of Chester Chandler, Ruth Chandler Sanders, and 'Unknown Heirs' did not join in the appeal." *Id.* at *1 n.2. Ultimately, we concluded that we were unable to reach the substantive issues presented by Samuel Chandler on appeal due to the lack of a transcript and the lack of any findings in the trial court's April 4, 2016 order of dismissal. *Id.* at *2. As a result, we vacated and remanded for entry of an order complying with Tennessee Rule of Civil Procedure 52.01 and "such further proceedings as are necessary and consistent with this opinion." *Id.* Costs were taxed to the sole appellant, Samuel Chandler. *Id.*

Back in the chancery court, several motions were filed *pro se* by Chester Chandler. One of these motions listed plaintiff/appellant Samuel Chandler as "Deceased." On August 19, 2020, the chancery court entered its findings of fact and conclusions of law from the original hearing that took place on January 28, 2016. The trial court explained that dismissal was appropriate based on the statute of limitations. Attorney Leonard Earl Lucas, III, subsequently filed a notice of appeal purportedly on behalf of Samuel Chandler, Chester Chandler, and Ruth Chandler, designating all three individuals as "Appellants." One week later, he filed a notice of appearance.

## II. Discussion

On appeal, in the brief filed by Attorney Lucas, he initially designated only Samuel Chandler as "Appellant" but then repeatedly referenced "Appellants" in the plural form. As such, this Court questioned Attorney Lucas during oral argument as to which parties he claimed to represent. Attorney Lucas initially stated that he was representing "the children of John Chandler, specifically Chester Chandler, Samuel Chandler now deceased, and Ruth Chandler Sanders." Upon further questioning, Attorney Lucas acknowledged that Samuel Chandler had passed away before he became involved with this case. He conceded that no steps had been taken to substitute a party to proceed on behalf of Samuel Chandler. Attorney Lucas also admitted that although he had communicated with Chester Chandler and a nonparty individual who claimed to be a representative of the Chandler "family" generally, he had never communicated with Samuel Chandler or anyone who purported to be acting on behalf of the estate of Samuel Chandler.

This Court encountered a surprisingly similar situation in *In re Estate of Lake*, No. W2019-01818-COA-R3-CV, 2020 WL 7365818, at *1 (Tenn. Ct. App. Dec. 15, 2020),

where one party had died before the conclusion of the trial court proceeding but there was no substitution of parties. Through counsel, a notice of appeal was filed in the name of "Geneva Cosey, deceased," with the deceased party's daughter listed as her next of kin. *Id.* This Court found the notice of appeal ineffective and dismissed the appeal. *Id.* We discussed Tennessee Rule of Appellate Procedure 19(a), which states,

> If a party entitled to appeal shall die before filing notice of appeal, notice of appeal shall be filed and served by the deceased party's personal representative or, if there is no such personal representative, by the deceased party's counsel of record within the time prescribed in these rules.[3]

Geneva Cosey had died nine months before the notice of appeal was filed, and there was no indication that an estate had been opened or that her daughter was the personal representative. *Id.* at *5. Further, the attorney who represented Geneva Cosey at the time of her death was not the same attorney who signed the notice of appeal. *Id.* As in the case before us, the attorney's notice of appearance was filed *after* he filed the notice of appeal. *Id.* We found no indication that the attorney who signed the notice of appeal had ever represented the deceased individual "at any point" in the case. *Id.* We also found it "obvious that a lawyer cannot unilaterally create an attorney-client relationship with a deceased person." *Id.* Thus, the notice of appeal failed to meet the mandatory requirements in Rule 19(a), and we dismissed the appeal. *Id.*

We reach the same conclusion here. Because Attorney Lucas was not counsel of record for Samuel Chandler, and he admittedly had no contact with anyone acting on behalf of his estate, we dismiss the appeal to the extent that it was purportedly filed on behalf of Samuel Chandler.

We also conclude that the appeal must be dismissed as to appellants Chester Chandler and Ruth Chandler Sanders. The original order entered by the chancery court on April 4, 2016, dismissed the complaint and the claims of all plaintiffs. The only plaintiff who appealed that order was Samuel Chandler. As we expressly noted on appeal, "The additional parties of Chester Chandler, Ruth Chandler Sanders, and 'Unknown Heirs' did not join in the appeal." *Chandler*, 2016 WL 7155053, at *1 n.2. As a result, the April 4, 2016 order of the chancery court became final and non-appealable to the extent that it dismissed the claims of Chester Chandler and Ruth Chandler Sanders.

---

[3] According to the Advisory Commission Comment, this subdivision "authorizes an attorney of record for the deceased to take an appeal on behalf of successors in interest if the deceased has no personal representative." Tenn. R. App. P. 19, Adv. Comm'n Cmt. "Without such a provision, it is possible to argue that if a party entitled to appeal dies before the notice of appeal is filed, the appeal can be taken only by the deceased party's legal representative and must be taken within the time ordinarily prescribed." *Id.* The Rule provides that "[a]fter notice of appeal is filed and served, substitution shall be effected in the appellate court in accordance with this subdivision." Tenn. R. App. P. 19(a).

The Tennessee Supreme Court considered a comparable situation, procedurally speaking, in *Creech v. Addington*, 281 S.W.3d 363 (Tenn. 2009). In that case, the plaintiffs had sued several defendants, including Mr. Parker, Mr. Flowers, and Mr. and Mrs. Link. *Id.* at 366. After judgment was entered as to all defendants in 2003, the plaintiffs appealed but challenged only the judgment granted in favor of Mr. Parker and Mr. Flowers. *Id.* at 370. The Court of Appeals reversed and remanded, which eventually led to a second appeal. *Id.* at 370-71. This time, the case made its way to the Tennessee Supreme Court, where the finality of the order of dismissal in regard to Mr. and Mrs. Link was at issue. *Id.* at 372. The Court concluded that "the order of dismissal in regard to the Links has become final." *Id.* at 366. Because the plaintiffs, in the first appeal, had only appealed the 2003 judgment as to two of the defendants, Parker and Flowers, "the judgments as to the rest of the defendants [were] final." *Id.* at 378. The Supreme Court explained that "[o]nce the thirty-day period for filing a notice of appeal expired on February 1, 2003, the judgments as to all of the other Defendants, including the Links, became final and non-appealable." *Id.* at 377. Notably, the Supreme Court observed that the Court of Appeals had appropriately vacated and remanded "only the judgment as to Parker and Flowers." *Id.* at 377 n.16. Thus, the 2003 judgment of the trial court dismissing the Links from the lawsuit was "final as to all parties but Parker and Flowers." *Id.* at 383. *See also Harrison v. Pittman*, 534 S.W.2d 311, 314 (Tenn. 1976) ("[N]o appeal was perfected on behalf of any of those parties, so that judgment on the jury verdict, finding both drivers guilty of negligence, became final as to them."); *In re Conservatorship of Tapp*, No. W2020-00216-COA-R3-CV, 2021 WL 225684, at *6 (Tenn. Ct. App. Jan. 22, 2021) (reversing an order on attorney's fees but noting that the order would remain undisturbed as to three siblings who did not take part in the appeal); *Cordova ex rel. Alfredo C. v. Nashville Ready Mix*, No. M2018-02002-COA-R3-CV, 2020 WL 2534322, at *5 n.9 (Tenn. Ct. App. May 19, 2020) ("Mr. Martin did not appeal the denial of his claim. Thus, our analysis is limited to Mr. Hodges's claim to recover his attorney's fees. Whether Mr. Martin is entitled to recover a share of the attorney's fees awarded to the Hodges Estate is not before this court.").

Because Chester Chandler and Ruth Chandler Sanders did not appeal the chancery court's order of dismissal of April 4, 2016, that order became final and non-appealable as to the dismissal of their claims.[4] Although our opinion in the first appeal by Samuel Chandler did not expressly state that the order was vacated only as to the dismissal of the claims asserted by the sole appellant, Samuel Chandler, we did note that the other plaintiffs did not participate in the appeal. Thus, read in context, it should have been apparent that we were not vacating the dismissal of claims asserted by Chester Chandler and Ruth Chandler Sanders. *See Byrnes v. Byrnes*, 390 S.W.3d 269, 277 (Tenn. Ct. App. 2012) (explaining that when interpreting a court's order, "we ascertain the intent of the court, and, if possible, make the order in harmony with the entire record in the case and to be such as

---

[4] *See Lasercomb Am., Inc. v. Holliday*, 961 F.2d 211, 1992 WL 91898, at *2 n.2 (4th Cir. 1992) (noting that a party "did not participate in the first appeal, and thus continues to be bound by the district court's original judgment").

ought to have been rendered") (quotation omitted).

This appeal is dismissed to the extent that it was filed on behalf of Chester Chandler and Ruth Chandler Sanders.

### III.   CONCLUSION

For the aforementioned reasons, this appeal is dismissed.  Costs of this appeal are taxed to the appellants, Chester Chandler and Ruth Chandler Sanders, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE