# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 21, 2021 Session

## GEORGE GARY INGRAM v. DR. MICHAEL GALLAGHER, ET AL.

### Appeal from the Circuit Court for Hamilton County
### No. 18C1272      W. Jeffrey Hollingsworth, Judge

_____

### No. E2020-01222-COA-R3-CV
_____

This appeal arises from a healthcare liability action wherein the plaintiff initially sued the doctor, the hospital, and two other defendants. The plaintiff voluntarily dismissed the action without prejudice against all defendants except for the doctor. The doctor subsequently filed an answer to the complaint, stating that the action should be dismissed under the Governmental Tort Liability Act because the hospital, a governmental hospital entity and the doctor's employer, was not a party to the action. Shortly thereafter, the plaintiff filed a "Motion to Alter or Amend," seeking to set aside the Trial Court's order of dismissal in order to withdraw his voluntary dismissal of the hospital as a party. The Trial Court denied the plaintiff's motion to alter or amend, determining that the voluntary dismissal order was a final order and that the plaintiff knew about the doctor's employment with the hospital prior to the voluntary dismissal. We determine that the Trial Court erred by treating the plaintiff's motion as a Tennessee Rule of Civil Procedure 60 motion, instead of a motion to revise pursuant to Rule 54.02, and further hold that the Trial Court erred by denying the plaintiff's motion to revise the non-final order of voluntary dismissal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CARMA DENNIS MCGEE and KRISTI M. DAVIS, JJ., joined.

W. Neil Thomas, III, Chattanooga, Tennessee, for the appellant, George Gary Ingram.

Arthur P. Brock and Drew H. Reynolds, Chattanooga, Tennessee, for the appellees, Dr. Michael Gallagher and Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System.

## OPINION

## Background

In July 2017, George Gary Ingram ("Plaintiff") allegedly suffered complications and paralysis from a medical procedure performed by Dr. Michael Gallagher while Plaintiff was a patient at Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System ("Erlanger"). On November 14, 2018, Plaintiff filed a complaint initiating a healthcare liability action in the Hamilton County Circuit Court ("Trial Court"), including as defendants to the action (1) Dr. Michael Gallagher, (2) Chattanooga Neurosurgery and Spine Group, (3) Dr. Mac Worthington, and (4) Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System. A certificate of good faith was filed in compliance with Tennessee Code Annotated § 29-26-122, and the complaint stated that Plaintiff had complied with the notice requirements of Tennessee Code Annotated § 29-26-121. A general affidavit was attached as an exhibit to the complaint, providing that the affiant had personally delivered the sixty-day notice of intent to sue to Dr. Gallagher, Erlanger, and Dr. Worthington. The affidavit included three certified mail receipts dated July 2018.

On November 26, 2018, Plaintiff filed a notice of voluntary dismissal without prejudice, pursuant to Tennessee Rule of Civil Procedure 41, seeking dismissal of the following defendants: Chattanooga Neurology and Spine Group, Dr. Mac Worthington, and Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System. Plaintiff concomitantly filed an amended complaint listing Dr. Michael Gallagher as the sole defendant. The Trial Court subsequently entered an order, dismissing without prejudice the remaining three defendants.

Dr. Gallagher filed his answer to the complaint on January 10, 2019. Dr. Gallagher included several defenses including a defense that he was an employee of a governmental entity, Erlanger, and that entity had not been included as a party to the action. Plaintiff subsequently filed a motion to amend his complaint on January 31, 2019, accompanied by a brief in support thereof and a copy of the second amended complaint he wished to file, which included several attachments including a copy of the pre-suit notice and a certificate of good faith. This amended complaint added Erlanger Health System, Inc., as a defendant to the action. Dr. Gallagher subsequently filed a response to the motion to amend the complaint, opposing the amendment. Plaintiff later filed a brief in reply to Dr. Gallagher's response.

On February 27, 2019, Plaintiff filed a motion to alter or amend the order of voluntary dismissal entered by the Trial Court in November 2018, seeking to set aside the dismissal of Erlanger as a defendant to this action. According to Plaintiff's motion, Erlanger "was inadvertently dismissed in light of the affirmative defense assertion by a co-defendant, Dr. Michael Gallagher, that Erlanger is a necessary party to this action." In his

brief in support of his motion to alter or amend, Plaintiff cites to Tennessee Rules of Civil Procedure 54 and 60. According to Plaintiff, he sought to "rescind his voluntary dismissal of Erlanger as a defendant" and "reinstate [Erlanger] as an original defendant" in this action. Plaintiff argued that pursuant to Rule 54, the Trial Court's dismissal order was not a final order and therefore could be revised to rescind the voluntary dismissal at any time prior to entry of a final judgment. Plaintiff further argued that Rule 60 provides relief from "an order due to oversight or omission." According to Plaintiff's motion, he was unsure whether Dr. Gallagher was employed by Erlanger because Dr. Gallagher was also listed as being employed by the neurology group. Plaintiff further alleged that he was unsure whether the statute relied on by Dr. Gallagher applied to this matter.

Dr. Gallagher subsequently filed a response opposing the motion to alter or amend. In his response, Dr. Gallagher alleged that (1) the voluntary dismissal filed pursuant to Tennessee Rule of Civil Procedure 41 was "complete and effective," leaving Erlanger in a position as if it had never been sued by Plaintiff; (2) Rule 54 does not apply to the voluntary dismissal of a party; (3) Plaintiff was not entitled to relief pursuant to Rule 60 because Plaintiff's employment with Erlanger was "neither new nor unknown" to Plaintiff prior to the voluntary dismissal; and (4) the action against Erlanger was not subject to reinstatement pursuant to the savings statute following the voluntary dismissal. Dr. Gallagher argued that Plaintiff's attempts to amend his complaint and revise the order of voluntary dismissal were "futile" and would not relate back to the date when the original complaint was filed. Dr. Gallagher, therefore, requested that Plaintiff's motion be denied.

The Trial Court took the matter under advisement and ultimately entered an order denying Plaintiff's motions to amend his complaint and his motion to alter or amend the order of voluntary dismissal. Regarding Plaintiff's motion to amend the complaint, the Trial Court found that Dr. Gallagher had standing to object to the requested amendment of Plaintiff's complaint, that the savings statute did not apply to Plaintiff's action against Erlanger pursuant to the Governmental Tort Liability Act, and that the requested amendment to add Erlanger as a party would not relate back to the date of the original complaint. The Trial Court, therefore, determined the amendment would be futile and denied Plaintiff's motion to amend the complaint.

Concerning Plaintiff's request to set aside the order of voluntary dismissal, the Trial Court stated as follows:

> [T]he plaintiff has filed a motion to alter or amend the order dismissing Erlanger as a defendant. He cites Rule 54 and 60 as authority. In his motion, he argues that the order of dismissal was not a final order resolving all issues in the case. Therefore, it is contended, that order can be amended to remove Erlanger from the list of defendants being dismissed. He

also argues that the dismissal of Erlanger was inadvertent and a mistake, which can be corrected under Rule 60.

> For the reasons set forth previously, it is difficult to say the dismissal of Erlanger was a mistake. The plaintiff knew that it was at least possible that Dr. Gallagher was an employee of Erlanger. In regard to Erlanger, the order of dismissal was final. Upon dismissal, the case against Erlanger was over. If the saving statute applied, it could be revived if refiled within one year. However, the saving statute does not apply and the case against Erlanger cannot be brought back to life.

(Internal footnote omitted.) The Trial Court, therefore, denied Plaintiff's motion to alter or amend the dismissal order that would have allowed Plaintiff to rescind his voluntary dismissal of Erlanger as a party to this action.

While Plaintiff's motions were pending, Plaintiff also filed a second motion to amend his complaint in March 2019, with a brief in support of his motion and a copy of his amended complaint. In his second amended complaint, Plaintiff added Erlanger as a defendant and included an allegation that Dr. Gallagher and Erlanger had a fiduciary duty to disclose to Plaintiff the results of the lumbar puncture performed on him but that those results had been concealed from him. As such, Plaintiff alleged that Dr. Gallagher and Erlanger had concealed from Plaintiff "their deviation from the accepted standard of care." Plaintiff further stated in his amended complaint that he had complied with the notice requirements in Tennessee Code Annotated § 29-26-121(a) and had filed a certificate of good faith with his complaint; however, documentation of the pre-suit notice and the certificate of good faith was not attached to this amended complaint. In his brief in support of his motion to amend, Plaintiff stated that the motion had been filed to allow Plaintiff to pursue a claim that his cause of action and injury had been concealed from him, "thereby tolling the statute of limitations." In May 2019, the Trial Court granted Plaintiff's second motion to amend his complaint. Both Dr. Gallagher and Erlanger thereafter filed their respective answers to the second amended complaint.

The defendant, Erlanger, subsequently filed a motion to dismiss and a memorandum in support of its motion, alleging that Plaintiff had failed to state a claim for which relief can be granted, pursuant to Tennessee Rule of Civil Procedure 12.02(6). Erlanger argued that (1) Plaintiff had not provided new pre-suit notice prior to the filing of the second amended complaint, which had added it as a party, (2) Plaintiff had failed to attach to the complaint proof of service regarding the pre-suit notice, and (3) Plaintiff had not filed a new certificate of good faith with the amended complaint. In its memorandum, Erlanger relied on our Supreme Court's opinion in *Foster v. Chiles*, 467 S.W.3d 911 (Tenn. 2015) for its holding that "Tenn. Code Ann. § 29-26-121(a)(1) requires that plaintiffs provide pre-suit notice to prospective health care defendants each time a complaint is filed."

Plaintiff filed a memorandum in response to the motion to dismiss, in which he argued that Erlanger's motion should be denied. In his response, Plaintiff argued that Erlanger's motion should fail because: "(1) the amendment was sought because of the defense asserted by Erlanger; (2) the amendment is derivative of the actions of Dr. Gallagher; and (3) the addition of Erlanger was to re-assert a claim in an amended pleading in the same case, not a fresh case filed months later." Plaintiff argued that Erlanger should be added as a party "under a derivative claim" based on Dr. Gallagher's affirmative defense that Erlanger is a necessary party and that no prejudice to Erlanger could have resulted. Additionally, Plaintiff alleged that Dr. Gallagher had asserted the defense of comparative fault by arguing that Dr. Gallagher was not liable unless his employer was also a defendant and, thus, Plaintiff was not required to file a certificate of good faith or provide pre-suit notice to Erlanger. Plaintiff further argued that *Foster* was distinguishable from the present case because Erlanger knew of the ongoing litigation, no independent theory of liability was alleged against Erlanger, and Erlanger was added as a defendant to this action as a result of Dr. Gallagher's assertion that it should be made a party. According to Plaintiff, he asserted "no theory of active medical negligence against Erlanger" to trigger the requirement for new pre-suit notice and a new certificate of good faith.

The Trial Court entered an order granting Erlanger's motion to dismiss, determining that Plaintiff's allegations against Erlanger involve vicarious liability, not comparative fault. The Trial Court further found that even if Erlanger fraudulently concealed Dr. Gallagher's negligence to extend the statute of limitations, Plaintiff had not complied with the requirements of Tennessee Code Annotated § 29-26-121 and -122 by filing new pre-suit notice and a new certificate of good faith with the amended complaint which added Erlanger as a party. The Trial Court, therefore, dismissed with prejudice Plaintiff's claims against Erlanger.

In June 2020, Dr. Gallagher filed a motion for summary judgment requesting that the Trial Court dismiss all claims against him as a matter of law following the dismissal with prejudice of Erlanger as a party to the action. In addition to his motion, Dr. Gallagher filed a memorandum of law in support of his motion, a statement of undisputed material facts, and an affidavit by him. According to Dr. Gallagher, there is no genuine issue of material fact as to his employment with Erlanger and Erlanger was a required party to the action, pursuant to Tennessee Code Annotated § 29-20-310(b). Therefore, Dr. Gallagher argued that all claims against him should be dismissed.

Plaintiff filed a memorandum in opposition to the motion for summary judgment, in which Plaintiff argued that Tennessee Code Annotated § 29-20-310(b) allows the health care practitioner to be "held personally liable, even if his employer is not named as a defendant, if the liability sought to be attached to the individual practitioner exceeds the limits of insurance 'actually carried by the governmental entity' and is in excess of the

limits of liability under § 29-20-403." Plaintiff thereafter filed a response to Dr. Gallagher's statement of undisputed facts and a motion for limited discovery regarding "whether Erlanger maintained liability insurance for Dr. Gallagher at the time of the events complained of herein or whether Dr. Gallagher maintained any such insurance." In his response to Dr. Gallagher's undisputed facts, Plaintiff admitted that Dr. Gallagher had been an employee of Erlanger since 2015, that the treatment provided to Plaintiff by Dr. Gallagher had been in the scope of his employment with Erlanger, and that Erlanger is a governmental hospital entity governed by the Governmental Tort Liability Act. Dr. Gallagher filed a reply disagreeing with Plaintiff's statutory interpretation of Tennessee Code Annotated § 29-20-310(b).

In August 2020, the Trial Court granted Dr. Gallagher's motion for summary judgment, upon its determination that Erlanger was a necessary party to the action. The Trial Court found that Erlanger was a governmental entity, that the Governmental Tort Liability Act applied, that Dr. Gallagher was an employee of Erlanger acting in the scope of his employment, and that Erlanger was not and could not be made a party defendant in this matter. The Trial Court, therefore, granted summary judgment in favor of Dr. Gallagher. Plaintiff timely appealed to this Court.

**Discussion**

Although not stated exactly as such, Plaintiff raises the following issues for our review on appeal: (1) whether the Trial Court erred by declining to set aside the interlocutory order of voluntary dismissal, which had dismissed Erlanger as a party; (2) whether the savings statute allows Plaintiff to refile his action against Erlanger within one year; (3) whether new pre-suit notice and a new certificate of good faith is required when a defendant has been voluntarily dismissed as a party and subsequently reinstated as a party; and (4) whether Erlanger is a required party under Tennessee Code Annotated § 29-20-310(b) when only damages in excess of the statutory limit were sought.

We first will address Plaintiff's issue concerning whether the Trial Court erred by denying Plaintiff's request to set aside the interlocutory order that had dismissed Erlanger as a party to this action. If Plaintiff succeeds on this issue, it will be dispositive and, therefore, unnecessary to address the remaining issues. Although the Trial Court considered the voluntary dismissal order to be final, Plaintiff argues that the order of dismissal was an interlocutory order and that his motion to set aside the judgment should have been granted pursuant to Tennessee Rule of Civil Procedure 54.02. Dr. Gallagher and Erlanger, however, argue that the dismissal order was not an interlocutory order subject to revision and, alternatively, that there were no grounds for revising the order.

Tennessee Rule of Civil Procedure 54.02 provides that without being certified by the trial court as final, any court order that adjudicates less than all the claims, rights, and

- 6 -

liabilities of fewer than all of the parties involved in the action is not a final order and "shall not terminate the action as to any of the claims or parties." Any such non-final order by the trial court shall be subject to revision by the court at any time prior to entry of the final judgment. Tenn. R. Civ. P. 54.02. As stated by our Supreme Court, "Rule 54.02 confers upon the trial court 'the privilege of reversing itself up to and including the date of entry of a final judgment.'" *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000) (quoting *Louis Dreyfus Corp. v. Austin Co.,* 868 S.W.2d 649, 653 (Tenn. Ct. App. 1993)). A party's motion seeking to set aside a trial court's order "adjudicating fewer than all the claims, rights, and liabilities of all the parties, should be filed pursuant to Rule 54.02." *Byrnes v. Byrnes*, 390 S.W.3d 269, 275 (Tenn. Ct. App. 2012).

After a final judgment is entered in a matter, a party may seek relief under Tennessee Rules of Civil Procedure 59 or 60. A party can seek relief from the trial court's final judgment within thirty days of its entry by filing a motion pursuant to Rule 59. *Byrnes*, 390 S.W.3d at 280. However, if thirty days have passed since entry of the final judgment, a party must seek relief of the judgment by motion filed pursuant to Rule 60. *Id*.

Regardless of whether the motion at issue was filed pursuant to Tennessee Rules of Civil Procedure 54.02, 59, or 60.02, our review of the trial court's decision shall be reviewed under an abuse of discretion standard. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). "An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011).

Dr. Gallagher and Erlanger argue in their brief that Plaintiff's voluntary dismissal of Erlanger as a party was "complete and effective" when he filed the notice of voluntary dismissal prior to the order of dismissal entered by the Trial Court. Whether you look at the notice of voluntary dismissal or the subsequent order granting the voluntary dismissal, there was no final judgment in this case when Erlanger was dismissed as a party. "[A]ny order" dismissing claims against less than all of the parties in the action, leaving claims pending before the court, is not a final order. *See* Tenn. R. Civ. P. 54.02. "Any order" includes an order of voluntary dismissal. Our Supreme Court previously held that an order granting partial summary judgment was not a final judgment unless it was expressly certified by the trial court as being final in accordance with Tennessee Rule of Civil Procedure 54.02. *See Harris*, 33 S.W.3d at 743-44; *see also* Tenn. R. Civ. P. 54.02 ("[T]he Court . . . may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."). Similar to *Harris*, the Trial Court's order in this case only dismissed some of the claims before the court. The Trial Court's November 2018 order dismissed Erlanger as a party to the action without prejudice but did not adjudicate the remaining claims against Dr. Gallagher. This order

was not certified as a final judgment by the Trial Court, pursuant to Tennessee Rule of Civil Procedure 54.02. Therefore, the Trial Court's order was an interlocutory order, "subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties." *See* Tenn. R. Civ. P. 54.02.

In denying Plaintiff's motion which had requested the court to set aside the voluntary dismissal of Erlanger as a party, the Trial Court analyzed the motion as if the order was a final judgment. It was not. The order dismissing Erlanger as a party to the action was an interlocutory order, and Plaintiff's motion to set aside that order should have been treated as a Rule 54.02 motion to revise. Tennessee Rules of Civil Procedure 59 and 60.02 are applicable only if there is a final judgment entered by the trial court. *See Discover Bank*, 363 S.W.3d at 490 ("Because the trial court did not adjudicate all the claims between all the parties, or certify the order of default judgment as final pursuant to Rule 54.02, neither Rule 59 nor Rule 60.02 applied."). Therefore, the Trial Court erred by treating Plaintiff's motion as a Rule 60 motion.

As we have determined that the Trial Court should have considered Plaintiff's motion as a Rule 54.02 motion to revise, we next address whether the Trial Court erred by denying Plaintiff's motion to revise the November 2018 voluntary dismissal order. In *Discover Bank v. Morgan*, 363 S.W.3d 479, 494 (Tenn. 2012), our Supreme Court recognized that "the interest in finality is heightened once a final judgment has been entered." As such, the Supreme Court held that although the same factors apply to guide the court's inquiry, a party may be granted relief from a non-final order more liberally under Rule 54.02 than when the party is seeking relief from a final judgment under Rule 59 or Rule 60. *Id.* We note that the Supreme Court was analyzing a motion seeking relief from a default judgment in *Discover Bank* but find its reasoning to be persuasive as to Plaintiff's voluntary dismissal without prejudice under the circumstances of this case.

Courts prefer cases to be resolved on their merits whenever possible rather than on the basis of other procedural or technical reasons. In this case, Plaintiff's voluntary dismissal of Erlanger as a party was without prejudice. Plaintiff filed his first motion to amend his complaint only two months after the order of dismissal was entered and only three weeks after Dr. Gallagher's answer was filed. Plaintiff's subsequent motion seeking to revise or set aside the voluntary dismissal was filed approximately three months after the voluntary dismissal. The timeframe between the voluntary dismissal and the beginning of Plaintiff's efforts to withdraw the voluntary dismissal is relatively short, and we see no harm to either Dr. Gallagher or Erlanger with allowing Plaintiff to withdraw his voluntary dismissal of Erlanger as a party other than having this action decided on the merits. Given Erlanger's knowledge of the existence of the lawsuit, the short timeframe between the voluntary dismissal of Erlanger and subsequent motion to set aside the dismissal, the courts' preference for resolving actions on the merits, and the clear language of Rule 54.02, we hold that the Trial Court erred by denying Plaintiff's motion to revise the interlocutory

order to allow Plaintiff to withdraw his voluntary dismissal of Erlanger as a party as there is no valid reason to deny such motion. We, therefore, reverse the Trial Court's denial of Plaintiff's motion to revise the voluntary dismissal order. By reversing the Trial Court's denial of the motion to revise, we remand this matter to the Trial Court to allow Plaintiff to proceed with his original complaint against Erlanger and Dr. Gallagher. Consequently, we vacate the Trial Court's subsequent orders granting Erlanger's motion to dismiss and granting Dr. Gallagher's motion for summary judgment. Because we have determined that the Trial Court erred by not granting Plaintiff's motion to revise the interlocutory order, Plaintiff's remaining issues are pretermitted as moot.

## **Conclusion**

The judgment of the Trial Court denying Plaintiff's motion to revise the voluntary dismissal order is reversed. The Trial Court's orders granting Erlanger's motion to dismiss and Dr. Gallagher's motion for summary judgment are vacated. This cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed against the appellees, Dr. Michael Gallagher and Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Health System.

_____
D. MICHAEL SWINEY, CHIEF JUDGE