FILED
Dec 22, 2022
12:52 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Ernstes | ) | Docket No. 2020-07-0618 |
| | ) | |
| v. | ) | State File No. 57198-2020 |
| | ) | |
| Printpack, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard December 2, 2022 |
| Compensation Claims | ) | in Nashville, Tennessee |
| Amber E. Luttrell, Judge | ) | |

_____

### Affirmed in Part, Vacated in Part, Reversed in Part, and Remanded
_____

In this compensation appeal, the employer alleges the trial court erred both in denying its post-trial motion to re-open the proof as well as in finding the claim compensable despite its notice defense. The employee asserted he sustained work-related hearing loss after working forty-seven years for the employer around loud machinery. The employer denied the claim on the basis that the employee failed to give proper notice of his injury, asserting the employee knew or should have known he suffered work-related hearing loss years before his last day of employment with the employer. The employee asserted that he was aware he had hearing loss but believed it to be age related until he met with his attorney in August 2020. Following a compensation hearing but before the trial court issued its compensation order, the employer filed a motion seeking permission to re-open the proof and file a post-hearing brief based on new information it learned during the hearing that contradicted the employee's written discovery responses. The trial court denied the employer's motion and determined the employee provided timely notice of his hearing loss injury once he discovered his hearing loss was work-related. The employer has appealed both orders. Having thoroughly reviewed the record, we reverse the order denying Employer's post-trial motion. We affirm the trial court's compensation order with respect to the issue of notice, but, due to the reversal of the order addressing the post-trial motion, we vacate the award of benefits pending further proceedings consistent with this opinion.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Adam C. Brock-Dagnan, Knoxville, Tennessee, for the employer-appellant, Printpack, Inc.

Jeffrey Boyd, Jackson, Tennessee, for the employee-appellee, James Ernstes

**Factual and Procedural Background**

James Ernstes ("Employee") sustained work-related hearing loss after being exposed to loud noise during his forty-seven years of employment with Printpack, Inc. ("Employer"). Prior to working for Employer, Employee served four years in the Air Force as an electrical engineer for diesel engines. Employee was exposed to loud noise as an engineer and was later awarded a service disability rating for his hearing loss sustained while in the military.[1]

While working for Employer, Employee worked in a multitude of positions. He testified that, when required, he wore hearing protection and participated in hearing screenings at work. Although hearing test results were provided to him, Employee testified the results were never explained to him, and he was never advised to seek medical attention for hearing loss.[2]

Employee testified that he first began to notice hearing issues when he had to regularly turn up the volume of his television. He stated that he also had difficulty understanding what people were saying if they had their back to him and had trouble hearing high-pitched sounds. Employee ascribed these symptoms to aging. On December 7, 2018, Employee was evaluated by Dr. Keith Wainscott, an ear, nose, and throat specialist, who diagnosed Employee with probable acute viral labyrinthitis, inner ear dysfunction, and sensorineural hearing loss. Imaging revealed a cholesteatoma, which was surgically removed in October 2019.[3]

On August 3, 2020, Employee was terminated from his employment. Shortly thereafter, on August 12, 2020, Employee met with counsel regarding a separate alleged work-related injury. During this meeting, Employee discussed his issues with hearing loss and came to believe his hearing loss was work-related. Employee testified that, prior to this meeting, he thought his hearing issues were caused by aging. Subsequently, counsel provided Employer with notice of Employee's work-related hearing loss on August 19, 2020. A First Report of Injury was completed on August 28, 2020, and Employee filed his petition for benefit determination on November 18, 2020.

---

[1] Employee received medical treatment, including hearing aids, for his service-related hearing loss through the Veterans Administration.

[2] It is undisputed by the parties that annual hearing tests conducted by Employer demonstrated gradual hearing loss.

[3] According to medical testimony given by deposition, "a cholesteatoma is a benign growth inside the ear. It enlarges over time . . . [t]hey gradually enlarge, and they can erode structures around it."

2

In May 2021, Employee was seen by Dr. Karl Studtmann, an otolaryngologist. During that visit, Employee stated he had no family history of hearing loss and his hearing was "normal" when he started working for Employer. Dr. Studtmann noted Employee had been diagnosed with a cholesteatoma and underwent surgery to correct the condition. Dr. Studtmann performed an audiogram, which revealed a "downsloping high frequency sensorineural or nerve type hearing loss."

On November 15, 2021, at Employer's request, Employee was examined by Dr. Rande H. Lazar. Medical records reflect Employee had "hearing loss, tinnitus and dizziness. He said he was exposed to loud noises at work for many years." A hearing test was performed and revealed that Employee had "sloping notched pattern hearing loss consistent with noise exposure with greater than 40 years on his job." The doctor noted Employee wore hearing aids and opined "[t]his is probably job related." Dr. Lazar stated he would see Employee back as needed.

On November 17, 2021, the parties took Dr. Studtmann's deposition. During his deposition, Dr. Studtmann was asked to compare the audiogram performed by Dr. Wainscott in 2018 to the one he performed in 2021. In doing so, he noted no conductive hearing loss on the audiogram and testified that imaging indicated "there was not any significant hearing loss from the cholesteatoma." Dr. Studtmann also reviewed Employee's hearing screen data from 1997 through 2019. When asked to explain the difference between a hearing screen and audiogram, he testified that a "hearing screen tends to be more inaccurate. It's not considered a formal audiogram. Hearing screens are not considered adequate for assessing disability." Dr. Studtmann noted that hearing screens are "fairly good at giving trends. In this case we've got tests from over 22 years which is enough to give you a trend." Dr. Studtmann was asked to provide his opinion as to the primary cause of Employee's hearing loss, based upon his review of this data, Employee's physical examination, and the audiogram performed in his office. In response, he testified that, "[g]iven the primary source of noise exposure during that time period was through his place of employment, that's likely the primary cause of his hearing loss in that time period."

When questioned further with regard to causation during cross-examination, Dr. Studtmann stated:

> Given that he had continued hearing loss throughout his time of noise exposure at his place of employment, given that he had findings consistent with noise exposure, given that he had a noise notch, that, yes, there's a reasonable medical certainty that this is from the noise exposure at his place of employment. He had continued hearing loss. He had a noise notch. He had continued noise exposure during that time period.

3

Dr. Studtmann testified Employee would retain a 9% whole person impairment rating based upon the American Medical Association's Guides to the Evaluation of Permanent Impairment, Sixth Edition.

A compensation hearing was held on July 7, 2022. During the hearing, Employee testified that he initially attributed his hearing issues to aging and had no knowledge his hearing loss was work-related until after meeting with his attorney. After learning of the possible connection between his hearing loss and his employment, Employee provided notice to Employer within one week. When questioned on direct examination, Employee also testified that he was currently employed and had been working part-time. During cross-examination, Employee asserted that, although he worked around a trash compactor in his current job, he was not exposed to loud noises.

Four days after the compensation hearing, on July 11, Employer filed a motion to submit a post-hearing brief and, in effect, re-open the proof.[4] In support of its motion, Employer noted that Employee testified at trial he had been employed for over one year with a different company after leaving his employment with Employer, which was contrary to his discovery responses. Employer asserted that Employee's failure to disclose or supplement this information prejudiced its investigation of the claim and its ability to raise applicable defenses, including the last injurious exposure rule. Employee filed a response in opposition to Employer's motion, arguing that Employer had the opportunity to question Employee with regard to his current employment at trial. Further, Employee contended during cross-examination at trial that he is not exposed to loud noise at his current employment. Finally, Employee asserted that Tennessee Code Annotated section 50-6-304, upon which Employer relied in its post-hearing motion, addresses the last injurious exposure rule in the context of occupational diseases, and hearing loss is defined as an injury or personal injury pursuant to statute. As a result, Employee argued that the statute relied upon by Employer is inapplicable to the facts of this case.

On August 5, 2022, the trial court issued a compensation order concluding Employee had established by a preponderance of the evidence that he sustained a compensable hearing loss injury. Specifically, pursuant to Tennessee's "discovery rule," the court noted Employee provided notice of his injury to Employer within fifteen days of when he knew or reasonably should have known he had suffered a work-related injury that resulted in permanent physical impairment. The trial court also determined Employee's claim was not barred by the statute of limitations. In doing so, the court noted Employee's last day of work, August 3, 2020, was the last time Employee was exposed to any injurious work activity. Thus, the court concluded Employee's date of injury was August 3, 2020.

---

[4] Although Employer did not title its motion as one to re-open the proof, the prayer for relief included a request to "grant Employer additional time to develop and investigate this defense before issuing a final determination." In his written response, Employee acknowledged that the post-trial motion was "to re-open the proof."

4

The court next addressed the causation opinion provided by Dr. Studtmann. Dr. Studtmann opined that Employee's noise exposure while working for Employer was "likely the primary cause" of Employee's hearing loss. The court noted Employer offered no conflicting medical proof, and, as a result, it determined Employee had proven his hearing loss arose primarily out of and in the course and scope of his employment with Employer. The court awarded benefits based upon the nine percent impairment rating assigned by Dr. Studtmann.

Given that the time period for payment of an original award had expired at the time the petition was filed, Employee also asserted he was entitled to increased benefits pursuant to Tennessee Code Annotated section 50-6-207(3)(B) based on his age and work status as of the date the original compensation period ended. The trial court noted that the only proof offered was Employee's uncontroverted testimony that he was terminated from employment after sustaining a separate, unrelated injury. Employer offered no proof on this issue and made no argument disputing Employee's entitlement to increased benefits if Employee's claim was deemed to be compensable. As a result, the court concluded Employee was entitled to increased benefits, and it awarded lifetime future medical benefits made reasonably necessary by the injury. Finally, the court ordered Employer to offer a panel of physicians for Employee to select an authorized treating physician for future medical care related to the work injury.

That same day, the trial court issued a separate order denying Employer's motion to re-open the proof and submit a post-hearing brief.[5] In doing so, the trial court noted that Employer did not cite any authority in support of its motion. Further, the court agreed with Employee that Tennessee Code Annotated section 50-6-304 does not apply because, under Tennessee Code Annotated section 50-6-102(12) and applicable Tennessee precedent, noise-induced hearing loss is considered a gradually-occurring cumulative trauma injury, not an occupational disease. Finally, the court noted that Employer had an opportunity to "thoroughly" examine Employee regarding his current employment at trial and never raised an objection during the compensation hearing regarding Employee's failure to disclose that employment. Employer has appealed both orders.

## Standard of Review

We apply an abuse of discretion standard in reviewing a trial court's ruling on post-hearing motions to re-open the proof. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 149 (Tenn. 1991). A trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice.

---

[5] The trial court's compensation order was issued the same day as its order denying Employer's post-trial motion. Because these two orders, together, resolved all issues in the case, and because both orders were appealed, we consider them contemporaneously in this appeal.

*Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). The abuse of discretion standard "does not permit an appellate court to substitute its judgment for that of the trial court." *Id.* Moreover, pursuant to the abuse of discretion standard, "the appellate court should presume the [trial court's] decision is correct and should review the evidence in the light most favorable to the decision." *Id.* at 105-06. The standard we apply in reviewing the trial court's decision also presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

On appeal, Employer presents two issues: (1) whether the trial court erred in its compensation hearing order in concluding Employee gave timely notice of his hearing loss, as required by Tennessee Code Annotated section 50-6-201(b); and (2) whether the trial court abused its discretion in denying Employer's post-hearing motion concerning Employer's discovery of new and material evidence.

*Compensation Order*

With respect to notice, Employer asserts Employee did not provide timely notice of his gradually occurring work-related hearing loss. As relevant to this case, Tennessee Code Annotated section 50-6-201(b) states:

> In those cases where the injuries occur as the result of gradual or cumulative events or trauma, then the injured employee or the injured employee's representatives shall provide notice of the injury to the employer within fifteen (15) days after the employee:
>
> (1) Knows or reasonably should know that the employee has suffered a work-related injury that has resulted in permanent physical impairment.

Employee met with counsel on August 12, 2020, and testified that this was the first time his hearing loss and its potential correlation to his work were discussed. Notice was provided to Employer on August 19, 2020, and a First Report of Injury was completed on August 28, 2020.

6

Employer asserts Employee knew or should have known he had a work-related hearing loss prior to his last day of employment. Employee admitted he previously had received a disability award as a result of the hearing loss he sustained while serving in the military. Moreover, he acknowledged he began having trouble hearing "eight to ten years ago." He testified that he saw a VA physician for hearing aids in 2018 and had left ear surgery in 2019. However, he stated that he believed at that time his hearing issues were related to age. In addition, Employee testified that although Employer provided him with the results of his hearing screens, he did not look at them, and no one from Employer explained the results to him or advised him to see a doctor.

The court noted that Employer performed hearing screens of its employees on an annual basis and, although the screens had lines for an employee's signature at the bottom of the documents, none were signed by Employee. Further, some reports indicated a "standard threshold shift" but also included a statement that read, "there can be many reasons for a change in hearing, including medication, test problems, exposure to noise while not wearing hearing protection, or ear problems such as wax or infection." As such, the court concluded this statement "would not reasonably lead" Employee to believe his change in hearing could be related to work.[6] We agree.

Here, Employee worked for Employer for forty-seven years, and it is undisputed he was exposed to loud noise during that time. Employee testified that he did not view his hearing screen results and attributed his hearing issues to aging. The trial court found Employee to be credible and determined, based upon the evidence at trial, that Employee did not know or could not reasonably have known that his hearing loss was related to employment until after he met with counsel. Following this meeting, Employee provided notice within fifteen days of the discovery of his work-related condition. We conclude the preponderance of the evidence presented at trial supports this finding. Thus, we discern no error with the trial court's determination that Employee provided timely notice of his work-related hearing loss, and we affirm that finding. However, due to our resolution of Employer's appeal of the trial court's order denying its post-trial motion, we vacate the remainder of the compensation hearing order and remand the case.

*Denial of Employer's Post-Hearing Motion*

The second issue we consider is the trial court's denial of Employer's post-hearing motion. In support of its motion to file a post-hearing brief, Employer referenced testimony elicited from Employee concerning his subsequent employment. Specifically, Employer noted that on February 4, 2021, Employee provided discovery responses, signed under oath, which included the following response to Interrogatory No. 15:

---

[6] Certain reports did not include any statement addressing possible causes of hearing loss, and a 2017 report specifically stated that his hearing loss was not related to workplace exposure but was age-related.

15. Have you worked at all in any capacity for any employer on any date after your hearing loss? Unless your answer is an unqualified no, please list the employer's name, date of interview, date of job offer, date of acceptance, hourly wage, and supervisor's name and address.

ANSWER: No.

Approximately seventeen months later, Employee testified at trial that he had been employed for over one year.[7] During oral argument, counsel for Employee acknowledged an ongoing duty to supplement discovery responses in certain circumstances, *see* Tenn. R. Civ. P. 26.05(2), but stated that the first time he had knowledge of Employee's post-termination employment was during Employee's testimony at the compensation hearing. Employer contends that, due to Employee's failure to timely disclose this information, it was prejudiced in its investigation of the claim and its ability to raise applicable defenses. Specifically, Employer contends Employee's new employment creates a question of fact that implicates Tennessee Code Annotated section 50-6-304.[8]

While motions to re-open the proof are often treated by courts as motions to alter or amend a judgment filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure, that rule is inapplicable in this case because the motion was filed before the trial court had issued its decision. *See Byrnes v. Byrnes*, 390 S.W.3d 269, 277 (Tenn. Ct. App. 2012) ("[T]he court erred in evaluating the motion to set aside as a motion made pursuant to Tenn. R. Civ. P. 59. It was not; we again stress that Rule 59 does not come into play until a trial court has entered a final judgment."). Thus, we examine Employer's post-trial motion to file a supplemental brief, which the parties agree should be treated as a motion to re-open the proof, as a motion filed pursuant to Tennessee Rule of Civil Procedure 7.02. That rule states, in pertinent part that "[a]n application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Tenn. R. Civ. P. 7.02(1).

A trial court's rulings on such motions are reviewed for an abuse of discretion. As the Tennessee Supreme Court has explained:

---

[7] It is unclear from the record whether Employee's subsequent employment began before or after his signed interrogatory responses were served on Employer. During cross-examination, Employee estimated he had been working "about a year and a half maybe." If that testimony is accurate, his subsequent employment would have begun prior to the serving of his interrogatory responses.

[8] During oral argument, Employer's counsel acknowledged that hearing loss is not an occupational disease subject to the provisions of Tennessee Code Annotated section 50-6-304 but argued that gradually-occurring hearing loss is subject to Tennessee's last injurious injury rule.

8

[P]ermitting additional proof, after a party has announced that proof is closed, is within the discretion of the trial court, and unless it appears that its action in that regard has permitted injustice, its exercise of discretion will not be disturbed on appeal.

It is within the discretion of the trial judge whether to reopen the proof for further evidence, and the decision of the trial judge thereon will not be set aside unless there is a showing that an injustice has been done.

. . . .

This rule, in our opinion, was adopted to promote the discretion of the trial judge in directing the course of a trial. The ascertainment of the truth and a just determination of the respective rights of the parties insofar as this can be accomplished consistent with rules essential to the administration of justice[] is the purpose of all judicial inquiry. . . . [T]he function of a judge of a law court is not limited to that of a mere referee or umpire between contestants in a game of skill. Upon the contrary, in many respects he has wide discretion to be exercised in the promotion of the purpose for which the trial is had. . . .

*Simpson*, 810 S.W.2d at 149-150 (citations omitted). The Court went on to observe that the "Rules of Civil Procedure are not intended as a trap for the unwary, but as a means of 'secur[ing] the just, speedy and inexpensive determination of every action.'" *Id.* at 150 (citation omitted).

As noted above, a trial court abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Gonsewski*, 350 S.W.3d at 105. The abuse of discretion standard "does not permit an appellate court to substitute its judgment for that of the trial court." *Id.* Moreover, pursuant to the abuse of discretion standard, "the appellate court should presume the [trial court's] decision is correct and should review the evidence in the light most favorable to the decision." *Id.* at 105-06.

Although Employer styled its motion as a request for supplemental briefing, the substance of the motion reveals that it is, in fact, a request to re-open the proof based on its assertion that it was prejudiced due to newly discovered information at trial. In its order denying Employer's motion, the trial court first emphasized that Employer did not cite any authority in support of its motion. While the citation of supporting authority is always preferable in support of any motion, we conclude Employer's omission of a rule reference in this circumstance is not fatal to its motion.

The court next considered Tennessee Code Annotated section 50-6-304, which governs occupational diseases and which Employer cited, and concluded it was inapplicable to the facts of this case. In doing so, the court observed that the injury alleged by Employee, namely, work-related hearing loss, is included in the definition of injury located in Tennessee Code Annotated section 50-6-102(12) ("'Injury' and 'personal injury' mean an injury by accident, a mental injury, occupational disease including diseases of the heart, lung and hypertension, or cumulative trauma conditions *including hearing loss . . . .*" (Emphasis added.)).

While we agree that section 50-6-304 is inapplicable to hearing loss cases, Tennessee law is clear that gradually occurring work-related hearing loss has been evaluated in the context of Tennessee's last injurious injury rule. *See, e.g.*, *Smallen v. Arvinmeritor, Inc.*, No. E2007-02179-WC-R3-WC, 2009 Tenn. LEXIS 39, at *7 (Tenn. Workers' Comp. Panel Mar. 5, 2009) ("Although hearing loss is not an occupational disease, a similar rule, referred to as the last injurious injury rule, applies to gradually occurring injuries.").[9] Pursuant to Tennessee Code Annotated section 50-6-102(12)(A), the court must still consider whether Employee's hearing loss arose primarily from his employment with Employer. Relevant to that determination is whether Employee suffered any subsequent injurious noise exposure. Because Employee failed to disclose his new employment until the trial, Employer had no opportunity to investigate whether and to what extent the new employment may have impacted his work-related hearing loss. In learning this information for the first time at trial, especially when the same issue was addressed in written discovery, Employer was deprived of any opportunity to consider and present rebuttal testimony or other evidence material and relevant to the issue.

The trial court relied on Employee's testimony at trial to conclude it had sufficient information to determine Employee's hearing loss arose primarily from his employment with Employer. However, regardless of the extent to which Employer was able to cross-examine Employee regarding the conditions of his new employment, it was unable to investigate the circumstances of that employment or whether Employee's current employment aggravated his hearing loss. Accordingly, we conclude the trial court abused its discretion and caused an injustice to Employer by denying it any opportunity to present additional evidence once Employee's new testimony was elicited at trial. We therefore reverse the court's order denying Employer's motion and remand the case for the trial court to re-open discovery and/or proof for some reasonable amount of time, as determined by the trial court, solely to address the limited issue of whether Employee's subsequent employment impacted his work-related hearing loss claim.

---

[9] Given that this issue remains undeveloped at this stage of the case, we offer no opinion at this time regarding whether Tennessee's last injurious injury rule remains viable following the passage of the 2013 Workers' Compensation Reform Act.

## Conclusion

For the foregoing reasons, we affirm the portion of the trial court's compensation order concluding Employee provided timely notice, but we vacate the remainder of the compensation order. We reverse the trial court's order denying Employer's post-trial motion. We remand the matter for further proceedings consistent with this opinion. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| James Ernstes | ) | Docket No. 2020-07-0618 |
| | ) | |
| v. | ) | State File No. 57198-2020 |
| | ) | |
| Printpack, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard December 2, 2022 |
| Compensation Claims | ) | in Nashville, Tennessee |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of December, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Adam C. Brock-Dagnan | | | | X | acbrock-dagnan@mijs.com<br>ghfuller@mijs.com |
| Jeffrey P. Boyd | | | | X | jboyd@borenandboyd.com<br>scallison@borenandboyd.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Q. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov